(108 So. 875)

No. 27763.

WILKINS v. NELSON et al.

(May 3, 1926. Rehearing Denied May 31, 1926.)

(Syllabus by Editorial Staff.)

1. Mines and minerals ☞78(1)—Obligation of lessee to exploit leased premises for oil if found in paying quantities held not a potestative condition (Rev. Civ. Code, art. 2035).

Obligation of lessee to exploit leased premises for oil if found in paying quantities on nearby lands cannot be considered as a potestative condition, since performance of obligation does not depend solely on exercise of obligor's will, in view of Rev. Civ. Code, art. 2035.

2. Mines and minerals ☞58—Consideration of $900 cash for mineral lease transferring entire gas rights, and reserving one-eighth interest in oil, held not to make lease nudum pactum though lessor received no part of gas or gasoline produced.

Mineral lease, under which plaintiff sold gas rights outright and reserved one-eighth royalty in oil for consideration of $900 cash, held not nudum pactum, though well drilled by lessee produced large quantities of gas and gasoline of which lessor received no part.

3. Mines and minerals ☞78(1)—Mineral contract, obligating lessee to drill for oil if found in paying quantities, within specified distance of premises conveying oil and gas to "purchaser and assigns forever," held not a perpetual option, where merged into lease by drilling of well.

Mineral contract, obligating lessee to drill for oil only if found in paying quantities within specified distance of premises is not void as a perpetual option because of conveyance of oil and gas to "purchaser and assigns forever," where option merged into a lease by drilling of well before institution of suit.

4. Mines and minerals ☞58—Cash consideration for gas rights, and reservation of one-eighth interest in oil produced in mineral lease, held not uncertain and confused.

Consideration expressed in oil and gas lease specifying cash payment and reserving one-eighth interest only in oil produced, held not uncertain and confused.

5. Mines and minerals ☞58.

Oil and gas lease is not void because it leaves to lessee right to drill where he pleases.

6. Mines and minerals ☞78(7)—Possibility of lessee defeating his obligation to develop premises by purchasing surrounding land cannot be asserted as present cause of action for annulling oil and gas lease.

Where mineral lease obligated lessee to drill only if oil was found in paying quantities within one-half mile of property, possibility that defendant may acquire all lands within one-half mile of leased premises and defeat obligation to develop property cannot be asserted as present cause of action for annulling lease.

7. **Mines and minerals** ⚖️➾58—**Mineral lease, providing for development of tract if oil in paying quantities is found within one-half mile of premises, based on valuable consideration, is valid.**

Mineral lease based on valuable consideration, providing that development of tract shall depend on finding oil in paying quantities within one-half mile of leased premises, is valid.

8. **Mines and minerals** ⚖️➾78(1)—**Development of oil cannot be considered as main object of lease selling all gas rights to vendee and reserving one-eighth interest in oil rights to vendor.**

Under mineral lease selling to lessee all gas rights and reserving in lessor one-eighth interest in oil produced, development of oil cannot be considered as main object of lease.

9. **Mines and minerals** ⚖️➾78(7)—**Lessor under mineral lease held not entitled to complain of lessee's failure to begin drilling operation, in absence of averment that oil in paying quantities has been found within specified distance of premises of which lessee has notice which lease made conditions for lessee's drilling.**

Where mineral lease obligated lessee to drill for oil if found in paying quantities within one-half mile of premises lessor cannot complain of lessee's failure to begin drilling operations, in absence of averment that oil has been found in paying quantities of which lessee has notice as provided in lease.

10. **Mines and minerals** ⚖️➾78(7)—**Court cannot assume, in suit to annul oil and gas lease, that lessee will not comply with obligations of lease.**

In suit to annul oil and gas lease, court cannot assume in advance that lessee will not faithfully comply with obligations of lease, should burden of developing property fall on lessee as required by lease.

Appeal from Fourth Judicial District Court, Parish of Ouachita; Percy Sandel, Judge.

Suit by Jefferson D. Wilkins against Oscar Nelson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Newton, Garrett & Newton, of Monroe, for appellant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellees.

LAND, J. Plaintiff has instituted the present suit against the defendant Oscar Nelson and the Cosmos Carbon Company, his assignee, and the United Carbon Company, assignee of the Cosmos Carbon Company, to have declared null and void, and canceled and erased from the records, a certain mineral contract entered into by and between plaintiff and the defendant Oscar Nelson on March 19, 1919, and affecting the N. ½ of N. E. ¼ of section 14, and S. W. ¼ of S. E. ¼ of section 11, township 19 north, range 4 east, in the parish of Ouachita.

Defendants pleaded exceptions of no cause or right of action, and plaintiff has appealed from a judgment maintaining said exceptions and rejecting his demand.

1. At the outset, it may be well to note that the mineral contract in question was declared to be a lease in Wilkins v. Nelson et al., 155 La. 810, 99 So. 607; the plaintiff in that case having attempted, unsuccessfully, to annul said contract for lesion, alleging that it evidenced a sale of the oil and gas beneath the surface of the land.

By the terms of this lease, which is annexed to plaintiff's petition, plaintiff sold to the defendant "all of the oil and natural gas in and under" the property leased, for a cash consideration of $900, "with the right of ingress and egress in and to and through the surface of the said above-described property, for the purpose of prospecting and drilling for oil and gas, and the right to lay and maintain and remove pipe lines through and across the same for the transportation of oil and gas, and all other privileges necessary and requisite for the purpose of drilling and producing oil and gas thereon and transporting the same therefrom."

It is provided in said lease that—

"In addition to the cash consideration hereinabove in the foregoing paragraph expressed, the vendee, Oscar Nelson, shall turn over and deliver to the vendor, his heirs and assigns, one-eighth part of all oil produced and saved from the above described lands, but it is dis-

tinctly understood and agreed that the vendee, Oscar Nelson, his heirs and assigns are in no way obligated or bound to drill or prospect for oil, unless the same is found in paying quantities within one-half mile of the property herein described, in which event the said vendee obligates himself, his heirs and assigns to begin drilling operations in an effort to find and produce oil within six months from the date of notice of said discovery."

Plaintiff alleges in his petition that the defendant, in the latter part of the year 1921, completed on the leased premises a natural gas well producing a large volume and amount of gasoline and natural gas, and that said well was still producing gasoline and natural gas in large quantities at the date of the filing of this suit, October 10, 1925.

Plaintiff has failed to allege in his petition any real breach by defendant of the obligations assumed by him under the lease in question.

Plaintiff does not allege that any oil well has been drilled within one-half mile of his land, producing oil in paying quantities, and that defendant, after six months' notice, has failed or refused to begin drilling operations for the development of the lease for oil. The lease imposes no obligation upon the defendant to pay any gas rental to the plaintiff, nor to deliver to him, as lessor, any part of the gasoline as a royalty. Wilkins v. Nelson et al., 155 La. 815, 99 So. 607.

[1] Nor does the petition allege that defendant has acquired the lands adjacent to his lease, and within one-half mile thereof, in an effort to defeat his obligation to develop the property for oil, in the event an oil well should be drilled within that distance from the property leased. The obligation of the defendant to exploit the leased premises for oil cannot be considered, under this state of facts, as a potestative condition, as contended by plaintiff, as the performance of this obligation does not depend solely on the exercise of the obligor's will. R. C. C. art. 2035.

In speaking of the consideration paid for oil and gas leases, the most recent utterance of this court is found in Wilkins v. Nelson, above cited, in which it is said:

"At most any value which may be fixed on the right is contemplative, speculative, and conjectural, not to say fanciful and theoretical. The seller who sells such rights, and the buyer who buys, does so with a speculative intent, and it is a matter of common knowledge that every real estate owner uses his own judgment in estimating the sale value of his property." Page 813 (99 So. 609).

[2] Plaintiff used his own judgment as to the price to be paid by the defendant for the lease, and, at the time of making the same, proposed and consented to take the sum of $900 cash as a consideration for the sale of all of the oil and gas under his lands, with one-eighth royalty for oil; development to be contingent upon successful operations within one-half mile of his property.

In other words, plaintiff sold to defendant his gas rights outright, and without the exaction of any future gas rental whatever. The price paid is not, in any legal sense, vile, nor is the contract of lease nudum pactum, as asserted by plaintiff. The contention that the lease is null and void, because it is a perpetual option, is also without merit.

[3] If originally a mere option, this option had merged into a lease by the drilling of a gas well on the property by defendant, before the institution of this suit.

It is clear that the contract between the parties is not a sale, but an oil and gas lease, as decided by this court; and its complexion as such cannot be changed to a perpetual option from the mere incident that the habendum clause of a sale was inserted in the contract, conveying the oil and gas, as if it were an immovable, to "the purchaser, his heirs and assigns forever."

Defendant paid valuable consideration for the lease and has complied with all of the terms of same up to the present time. We

fail to see, therefore, any just or legal ground for declaring said lease null and void.

[4] We do not find, as contended by plaintiff, that the consideration named in the lease is uncertain and confusing.

[5-7] The fact that the lease leaves to defendant the right to drill where he pleases, and does not restrict him to any particular spot, cannot affect the validity of the lease. The possibility that defendant may hereafter acquire all of the lands within one-half mile of the leased premises, and defeat his obligation to develop the property, cannot be asserted as a present cause of action for annulling the lease. The mere probability of defendant drilling a dry hole for oil, and making no further effort to find oil, is mere surmise and conjecture, and not an accomplished fact. We know of no law that prohibits the contracting parties from agreeing that the development of a tract of land for oil shall depend upon the condition that oil in paying quantities is found within one-half mile of the land to be developed, where a valuable consideration is paid for the lease.

[8, 9] It cannot be contended, under such a lease, that the main object and consideration of the contract is the development of the land for oil. Nor can plaintiff complain that defendant has not begun drilling operations for oil, in the absence of averment that oil has been found in paying quantities within the half-mile limit, and that notice has been given to defendant of such fact, in the manner provided in the contract of lease. The mere circumstance that the depth of the wells to be drilled for oil is left to defendant naturally flows from the fact that plaintiff, when making the lease, did not require such wells to be drilled to any specified depth.

[10] This court cannot assume, in advance, that defendants will not faithfully comply with the obligations of the lease, should the burden of developing the property for oil fall upon the defendant Nelson, or his assigns.

In our opinion, the petition of plaintiff fails to disclose a cause or right of action against defendants.

Judgment affirmed.